# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

TIMOTHY JOHNSON, et al.,            )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )   No. 4:13CV718 RWS
                                    )
JEFF NORMAN, et al.,                )
                                    )
    Defendants.                     )

## MEMORANDUM AND ORDER

This matter is before me on plaintiffs Timothy Johnson and Colby Mosher's complaint and motions to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiffs are prisoners, and Johnson is barred from proceeding in forma pauperis under § 1915(g) unless he can demonstrate he is in imminent danger of serious physical injury.[1] There are several procedural and legal defects in this case. I have reviewed the complaint and the pending motions, and I find that the action should be dismissed without prejudice.

First, plaintiffs bring only official capacity claims against the defendants. Naming a government official in his or her official capacity is the equivalent of naming

---

[1] See Johnson v. Jackson, 2:90CV4084 SOW (W.D. Mo., Sept. 4, 1990); Johnson v. Corum, 2:93CV4106 SOW (W.D. Mo., Apr. 7, 1993); Johnson v. Nixon, 4:94CV726 JCH (E.D. Mo., May 4, 1994); Johnson v. Harden, 4:94CV2155 JCH (E.D. Mo., July 12, 1995).

the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted and is dismissible under 28 U.S.C. § 1915(e).

Second, this Court generally does not permit multiple prisoners to join as plaintiffs in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. Georgeoff v. Barnes, 2:09CV14 ERW, 2009 WL 1405497 (E.D. Mo. 2009) ("the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20.").

Third, Johnson is well known to the Court. He has a history of filing frivolous and malicious lawsuits. Based on the documents before me, I cannot determine whether Mosher intended Johnson to include him in the complaint or whether Johnson has done so without Mosher's knowledge. Mosher did not sign the complaint as is required by Rule 11 of the Federal Rules of Civil Procedure. And Mosher did not sign several of the motions before the Court. It is a fairly common tactic for prisoners barred from proceeding in forma pauperis by § 1915(g), as Johnson is, to attempt to circumvent the filing fee requirement by adding additional plaintiffs to their action. This is another reason why joinder under Rule 20 is impracticable.

Fourth, plaintiffs intend for this action to be a prisoner class action under Rule 23 of the Federal Rules of Civil Procedure. "[C]lass representatives cannot appear pro se." 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1; see also, 28 U.S.C. § 1654 (a pro se party may represent himself in federal court, but he may not represent another person).

Fifth, as to Johnson's allegations, there are no facts alleging that he is in imminent danger of serious physical injury. As a result, he may not proceed in forma pauperis. 28 U.S.C. § 1915(g).

Finally, the complaint is unnecessarily prolix and does not comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires that pleadings be "short and plain."

For these reasons, I find that the instant action should be dismissed without prejudice to proper refiling. If Johnson wishes to litigate the allegations in the complaint, he must draft a new complaint and submit it to the Court along with the $350 filing fee. If Mosher wishes litigate the facts pertaining to him, he must also submit a new complaint, on the Court-provided form, along with either the $350 fee or a motion for leave to proceed in forma pauperis along with a prison account statement. I will direct the Clerk to send prisoner complaint forms to the plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall mail to each plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

A separate Order of Dismissal will be filed with this Memorandum and Order.

Dated this  19th  day of April, 2013.

                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE